FILED
United States Court of Appeals
Tenth Circuit

April 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN ORLANDO TITSWORTH,

Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; JUSTIN JONES, DOC
Director; JIM RABON, Sentence
Administrator; MIKE MULLIN, Warden
of Jess Dunn Correctional Center, MIKE
OAKLEY, DOC attorney; RONALD
ANDERSON, DOC; PAM CARTER, Jess
Dunn Records Personnel,

Defendants - Appellees.

No. 13-7083
(D.C. No. 6:13-CV-00390-JHP)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Since November 2001, Oklahoma has provided enhanced time credits,

which allow early release for prisoners that qualify. Okla. Stat. tit. 57, § 138

---

[*]    All parties prefer not to have oral argument, and it would not significantly
aid in the decision. Thus, the Court will decide the appeal based on the briefs.
*See* Fed. R. App. P. 34(a)(2).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel. But
the order and judgment can be cited for its persuasive value.

(2001); *see* Dep't of Corrections Policy OP-060211 § II(B) (2013). Mr. Steven Titsworth, a former Oklahoma inmate, was not among these prisoners. Without the credits, he completed his sentence on September 9, 2011.

Mr. Titsworth contends that he was entitled to enhanced time credits and that they would have allowed release almost a year earlier. Based on his additional incarceration, he sued on August 28, 2013, invoking 42 U.S.C. § 1983 and seeking damages. The district court held that: (1) the Eleventh Amendment precluded suit against the Oklahoma Department of Corrections and the assertion of the official-capacity claims, and (2) the personal-capacity claims were untimely.

Because Mr. Titsworth is appearing pro se, we liberally construe his filings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But a liberal construction cannot save Mr. Titsworth's legally defective complaint. Thus, we affirm.

## I.    Eleventh Amendment

The district court held that the Eleventh Amendment precluded a suit for damages against: (1) the Oklahoma Department of Corrections, and (2) the individual defendants in their official capacities. Mr. Titsworth concedes this part of the ruling, and we too conclude that the Eleventh Amendment precludes suit against the Department and the official-capacity claims against the individual defendants. *See*, *e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Eastwood v. Dep't of Corr. Of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988).

2

**II.    Statute of Limitations**

The personal-capacity claims are time-barred.

For these claims, we apply Oklahoma's two-year period of limitations. *See*, *e.g.*, *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). On appeal, Mr. Titsworth focuses solely on his § 1983 claim involving false imprisonment. To determine when this claim accrued, we look to federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the false imprisonment claim accrued when the false imprisonment ended. *Id.* at 389.

Mr. Titsworth contends that the false imprisonment ended when he was released from prison (September 9, 2011). Appellant Br. at 4 (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). We disagree. Mr. Titsworth's continued incarceration would not have constituted "false imprisonment" if it had been based on legal process. *See Wallace v. Kato*, 549 U.S. at 389-90. The continued incarceration was based on legal process, and that legal process had preceded the suit by more than two years.

To determine when the legal process existed, we consider the nature of Mr. Titsworth's allegation. Mr. Titsworth alleges that he did not obtain credits that would have shortened his confinement. Thus, we must consider when Mr. Titsworth obtained "legal process" for his confinement after the alleged denial of credits. That process took place, at the latest, by February 11, 2011.

Before then, Mr. Titsworth had challenged the denial of credits through habeas proceedings. The district court rejected the habeas claim on timeliness

3

grounds, and we too concluded that the appeal was late. *Titsworth v. Mullin*, 415 F. App'x 50, 56 (10th Cir. 2011). Thus, we dismissed the appeal on February 11, 2011. *Id.* Our consideration of the appeal constituted "legal process" on the legality of the confinement after the denial of credits. Thus, even if the imprisonment had earlier been wrongful, it was indisputably based on legal process once we considered Mr. Titsworth's habeas claim regarding the denial of credits.

With that legal process, the limitations period ended (at the latest) two years later (February 11, 2013). But Mr. Titsworth waited until August 28, 2013, to sue. In these circumstances, the personal-capacity claims are time-barred, and the district court correctly dismissed these claims.

## III. Conclusion

We affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

4